UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

## CIVIL RIGHTS COMPLAINT FORM
TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

PROVIDED TO APALACHEE CORRECTIONAL
INSTITUTION ON 1/9/10 FOR MAILING
7am

CRAIG ANDRA MOORE,
Inmate # CRAIG ANDRA MOORE, D.C. #252244
(Enter full name of Plaintiff)

VS.                                              CASE NO: 5:10-3 RS-EMT
                                                 (To be assigned by Clerk)
MR. WALTER A. M°NEIL, D.O.C. SECRETARY
MR. JOHN PALMER, WARDEN, APALACHEE C.I., D.O.C.
MR. C.G. ATKINS, ASST. WARDEN/PROGRAMS, APACI, D.O.C.
MAJOR J. COKER, DEPUTY CHIEF CORRECTIONAL OFFICER, APACI/WEST
SERGEANT J. WHITE, PROPERTY SGT., APACI/WEST, D.O.C.
C.O. G. GIBSON, PROPERTY OFFICER, APACI/WEST, D.O.C.

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: CRAIG ANDRA MOORE
Inmate Number: D.C. # 252244
Prison or Jail: APALACHEE CORRECTIONAL INSTITUTION/EAST UNIT
Mailing address: 35 APALACHEE DRIVE
SNEADS, FLORIDA 32460
(850) 718-0497

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: MR. WALTER A. McNEIL
    Official position: SECRETARY, FLORIDA DEPT. OF CORRECTIONS
    Employed at: FLORIDA DEPARTMENT OF CORRECTIONS, HQ
    Mailing address: 2601 BLAIRSTONE ROAD
    TALLAHASSEE, FLORIDA 32399

(2) Defendant's name: MR. JOHN PALMER
    Official position: WARDEN, APALACHEE CORR. INST./FLA. D.O.C.
    Employed at: APALACHEE CORRECTIONAL INSTITUTION/D.O.C.
    Mailing address: 35 APALACHEE DRIVE
    SNEADS, FLORIDA 32460 (850) 718-0497

(3) Defendant's name: MR. C.G. ATKINS
    Official position: ASST. WARDEN FOR PROGRAMS, APALACHEE C.I.
    Employed at: APALACHEE CORRECTIONAL INSTITUTION
    Mailing address: 35 APALACHEE DRIVE
    SNEADS, FLORIDA 32460 (850) 718-0497

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

(4) DEFENDANT'S NAME: MAJOR J. COKER

OFFICIAL POSITION: DEPUTY CHIEF CORRECTIONAL OFFICER

EMPLOYED AT: APALACHEE CORRECTIONAL INSTITUTION

MAILING ADDRESS: 52 WEST UNIT DRIVE

SNEADS, FLORIDA 32460

(850) 718-0497

(5) DEFENDANT'S NAME: SERGEANT J. WHITE

OFFICIAL POSITION: PROPERTY SGT., APACI/WEST

EMPLOYED AT: APALACHEE CORRECTIONAL INSTITUTION

MAILING ADDRESS: 52 WEST UNIT DRIVE

SNEADS, FLORIDA 32460

(850) 718-0497

(6) DEFENDANT'S NAME: C.O. G. GIBSON

OFFICIAL POSITION: PROPERTY OFFICER, APACI/WEST

EMPLOYED AT: APALACHEE CORR. INST./WEST

MAILING ADDRESS: 52 WEST UNIT DRIVE

SNEADS, FLORIDA 32460

(850) 718-0497

**LEGAL MAIL**

(2A)

NOTE: THE COURT WILL NOT REVIEW THE MERITS OF THE COMPLAINT UNLESS THE FOLLOWING QUESTIONS HAVE BEEN ANSWERED REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES AND ANY PRIOR LAWSUITS THAT HAVE BEEN FILED.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff must submit copies of all grievances, appeals, and responses with this complaint to verify exhaustion. Failure to demonstrate exhaustion may be grounds for dismissal.

### A. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?

Yes(✓)        No( )

[If your answer is NO, proceed to Question B. If your answer is YES, answer all of the following questions in this subsection.]

#### 1. Informal Grievance

a. Did you submit an informal grievance?

Yes(✓)        No( )

❖ If so, you must attach a copy of the grievance and response; exhibit __A__.

b. If not, why? __NON-APPLICABLE__

#### 2. Formal Grievance

a. Did you submit a formal grievance?

Yes(✓)        No( )

❖ If so, you must attach a copy of the grievance and response; exhibit __B__.

b. If not, why? __NON-APPLICABLE__

#### 3. Appeal to the Office of the Secretary

a. Did you submit an appeal to the Office of the Secretary?

Yes(X)        No( )

❖ If so, you must attach a copy of the appeal and response; exhibit __C__.

b. If not, why? __NON-APPLICABLE__

3

4. **Disciplinary Actions**

a. Did you have a disciplinary hearing concerning this matter?

    Yes( )        No(X)

❖ If so, you must attach a copy of the disciplinary report and disciplinary hearing team's findings and decision to this form; exhibit __N/A__.

b. Did you lose gaintime as a result of the disciplinary hearing?

    Yes( )        No(X)    N/A

c. Has the gaintime since been restored?

    Yes( )        No(X)    N/A

B. **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL OR DETENTION CENTER?**

    Yes( )        No(X)

[If your answer is NO, proceed to Section IV of the complaint form. If your answer is YES, answer the following questions.]

1. Is there a grievance procedure at your institution or jail?

    Yes( )        No( )    N/A

[If your answer is NO, proceed to Section IV of the complaint form. If your answer is YES, answer all of the following questions in this subsection.]

2. Did you submit a grievance concerning the facts relating to your complaint?

    Yes( )        No( )    N/A

3. If your answer is YES:

   a. What steps did you take? __N/A__

   b. What were the results? __N/A__

❖ If so, you must attach a copy of the grievance and response; exhibit __N/A__

4. If your answer is NO, explain why not: __N/A__

4

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

IV. **PREVIOUS LAWSUITS**

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )    No(X)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. Name of judge: _____    Case #: _____
3. County and judicial circuit: _____
4. Name of judge: _____
5. Approximate filing date: _____
6. If not still pending, date of dismissal: _____
7. Reason for dismissal: _____
8. Facts and claims of case: _____

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )    No(X)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____    Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

**(Attach additional pages as necessary to list other federal court cases.)**

5

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( ✓ )     No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): STATE OF FLORIDA
   b. Defendant(s): CRAIG ANDRA MOORE
2. District and judicial division: 67H JUDICIAL CIRCUIT  "C"
3. Name of judge: JUDGE NEWTON   Case #: 06-23323FAND
4. Approximate filing date: 10/2008; APRIL & MAY 2009
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A
7. Facts and claims of case: (STILL PENDING) "BRADY & GIGLIO" VIOLATIONS (3.850, 3.800, HABEAS CORPUS)

(Attach additional pages as necessary to list cases.)

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( ✓ )     No( )

1. Parties to previous action:
   a. Plaintiff(s): CRAIG ANDRA MOORE
   b. Defendant(s): CAN'T REMEMBER
2. District and judicial division: MIDDLE DISTRICT/TAMPA DIVISION
3. Name of judge: UNKNOWN   Case Docket # UNKNOWN
4. Approximate filing date: 2002   Dismissal date: 2003
5. Reason for dismissal: FAILING TO STATE A CLAIM/ PRIOR TO SERVICE

(Attach additional pages as necessary to list cases.)

6

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

ON 5/13/09, THE PLAINTIFF WAS PLACED IN A/C CONFINEMENT @ APALACHEE CI/WEST UNIT. ON 5/17/09, THE PLAINTIFF WROTE A REQUEST TO THE PROPERTY SGT., SGT. J. WHITE TO HAVE "ALL" OF HIS LEGAL MATERIAL GIVEN TO HIM SO THAT HE COULD SATISFY HIS LEGAL DEADLINES THAT WERE PENDING PRIOR TO HIM GOING TO CONFINEMENT. FROM 5/17/09 TO 6/30/09, SGT. WHITE AND CO. GIBSON ONLY GAVE ME PARTIAL AMOUNTS OF ALL MY LEGAL PROPERTY. ON 6/30/09 THE PLAINTIFF WAS TRANSFERRED TO THE RECEPTION AND MEDICAL CENTER @ LAKE BUTLER, FLORIDA FOR A CARDIO AND GASTRO CONSULT. ON 7/6/09, AWP C.G. ATKINS SAID IN A RESPONSE TO A FORMAL/303 GRIEVANCE THAT: "SGT. WHITE INDICATES THAT YOU WERE PROVIDED ALL YOUR LEGAL WORK THAT WAS IN YOUR PROPERTY. YOU HAVE NOW BEEN TRANSFERRED TO RMC AND ANY REMAINING PROPERTY WOULD HAVE BEEN TRANSFERRED WITH YOU. GRIEVANCE DENIED." YET ON 8/5/09, SGT. J. WHITE STATED THAT: "LEGAL PAPERS WILL BE ISSUED." ON 8/6/09 THE PROPERTY SEARGEANT @ APACI/EAST SGT. BARKLEY AGAIN ISSUED "PARTIAL" LEGAL PAPERS TO THE PLAINTIFF IN DC CONFINEMENT. ON 8/10/09, THE PLAINTIFF WAS RELEASED FROM D.C. CONFINEMENT. ON 8/11/09, SGT. BARKLEY RELEASED THE PLAINTIFF THE REST OF HIS LEGAL PROPERTY. ON NUMEROUS OCCASIONS, MAJOR J. COKER TOLD THE PLAINTIFF THAT HE, WOULD ORDER THE PROPERTY SGT., SGT. J. WHITE, TO GIVE THE PLAINTIFF "ALL" OF HIS LEGAL PROPERTY. IN THE MEANTIME, THE PLAINTIFF HAD TO FORFEIT SEVERAL OF HIS IMPENDING CIVIL COMPLAINTS, DENIED ACCESS TO THE COURTS,

ON 9/28/09, ASSISTANT WARDEN C. G. ATKINS FORWARDED A MEMORANDUM CONCERNING APPEAL 09-6-22658/GRIEVANCE 0906-102-70, IN WHICH HE AND THE FLORIDA DEPARTMENT OF CORRECTIONS IN WHICH THEY ADMITTED ERROR/LIABILITY IN THIS MATTER. THE SUBJECT MATTER: "1- TOOTHBRUSH HOLDER, 1- SWEATSHIRT, AND 2- PLASTIC DRINKING CUPS THAT WERE MISPLACED/LOST BY THE FLORIDA DEPARTMENT OF CORRECTIONS." NOT ONLY WAS THIS SUBJECT MATTER FALSE AND FRAUDULENTLY ADMITTED BY THE DEFENDANTS, BUT THE PLAINTIFF BASICALLY TOOK IT AS A "BRIBERY" BY STATE OFFICIAL(S), AND BASICALLY WAS DONE TO CIRCUMVENT THE TRUTH AND THEIR OVERALL LIABILITY. THE PLAINTIFF IMMEDIATELY RESPONDED TO AWP C. G. ATKINS 9/28/09 MEMORANDUM, IN SAYING THAT HE FELT THAT IT WAS A CHALLENGE TO HIS INTELLIGENCE AND INTELLECT AND WASN'T ACCEPTABLE. THE DIVISION OF RISK MANAGEMENT DEPOSITED $14.05 IN THE PLAINTIFF'S INMATE ACCOUNT ON 11/19/09. THE PLAINTIFF STILL WILL BE SEEKING A MUCH HIGHER AND EQUITABLE AMOUNT IN THIS COURT. THE DEFENDANT(S) ARE LIABLE. (7A) *Jerry A. Moore* 12/22/09

**LEGAL MAIL**

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

1) DELIBERATE INDIFFERENCE - 8TH AMENDMENT VIOLATION
2) CIVIL RIGHTS INFRINGEMENT - DENIAL OF ACCESS TO THE COURTS
3) FLORIDA TORT CLAIMS ACT F.J.S § 768.28 & F.J.S § 766
4) FLORIDA ADMINISTRATIVE CODE - CHAPTER 33
5) DUE PROCESS AND EQUAL PROTECTION UNDER THE 14TH AMENDMENT TO UNITED STATES CONSTITUTION
6) PROFESSIONAL NEGLIGENCE AND MALPRACTICE

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/statutes.

1) PRELIMINARY INJUNCTIVE RELIEF IN FORCING/ORDERING D.O.C. TO TRANSFER PLAINTIFF AWAY FROM APALACHEE C.I.
2) FIND MERIT AND SET FOR JURY TRIAL
3) APPOINTMENT OF COURT-APPOINTED COUNSEL
4) MONETARY, PUNITIVE, COMPENSATORY, & NOMINAL DAMAGES
5) ANY RELIEF/REMEDY IN WHICH THIS COURT DEEMS PROPER.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

_12/22/09_
(Date)

_Gary G. Moore_
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the _22ND_ day of _DECEMBER_, 20_09_.

_Gary G. Moore_
(Signature of Plaintiff)

Revised 07/02

8