IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CRAIG ANDRA MOORE,
    Plaintiff,

vs.                                        Case No. 5:10cv3/RS/EMT

WALTER A. McNEIL, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

       Plaintiff, a prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 4).

       Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Upon review of the complaint, it appears that this case should be dismissed as malicious.

       Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* Doc. 1 at 5–6).  Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 6).  Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "Yes," and then disclosed a case he filed against the State of Florida in state court which is an application for post-conviction relief from his conviction and sentence (*id.*).  Thus, Plaintiff in effect stated that he has <u>never</u> initiated any actions in either state or federal court that related to the fact or manner of his incarceration or the conditions of his confinement except the post-conviction application filed in state court.

Question D of Section IV of the complaint form asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed." (*id.*).  Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "Yes," and then disclosed a case he filed in the United States District Court for the Middle District of Florida, Tampa Division, in 2002 (*id.*). Plaintiff states he cannot remember the named defendant, case number, or presiding judge, but he states the case was dismissed prior to service for failure to state a claim (*id.*).  Thus, Plaintiff in effect stated that he has <u>never</u> had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service, except the case filed in the Tampa Division of the Middle District in 2002.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (Doc. 1 at 8).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case.  All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

<u>Spires v. Taylor</u>, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).  Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.[1]

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint, he had previously filed <u>Moore v. Calderon, et al.</u>, Case No. 6:03cv39-JA in the Orlando Division of the United States District Court for the Middle

---

[1] "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, mailciousness or failure to state a claim upon which relief may be granted."  <u>Rivera v. Allin</u>, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

Case No.:  5:10cv3/RS/EMT

District of Florida.  Further review reveals that the case related to the conditions of Plaintiff's confinement (the complaint alleged that the warden and several members of the medical staff at Tomoka Correctional Institution denied Plaintiff adequate medical care in violation of the Eighth Amendment) and was dismissed prior to service for Plaintiff's failure to comply with an order of the court.  <u>Moore v. Calderon, et al.</u>, Case No. 6:03cv39-JA, Docs. 1, 8.  Additionally, Plaintiff previously filed <u>Moore v. Robbins, et al.</u>, Case No. 8:03cv110-RAL in the Tampa Division of the Middle District.  That case related to the fact or manner of Plaintiff's incarceration (the complaint alleged that the defendant attorneys provided ineffective assistance of counsel during post-conviction proceedings in violation of the Sixth Amendment) and was dismissed prior to service for failure to state a claim under § 1983.  <u>Moore v. Robbins, et al.</u>, Case No. 8:03cv110-RAL, Docs. 1, 3.  Plaintiff also previously filed <u>Moore v. Correctional Medical Services, et al.</u>, Case No. 8:03cv115-JDW in the Tampa Division of the Middle District.  That case related to the conditions of Plaintiff's confinement (the complaint alleged that the medical and correctional staff at two jail facilities in Tampa, Florida deprived him of necessary psychotropic medication in violation of the Eighth Amendment) and was dismissed prior to service for Plaintiff's failure to comply with an order of the court.  <u>Moore v. Correctional Medical Services, et al.</u>, Case No. 8:03cv115-JDW, Docs. 1, 5.  Lastly, Plaintiff previously filed <u>Moore v. Hillsborough County Board of County Commissioners, et al.</u>, Case No. 8:03cv116-EAK in the Tampa Division of the Middle District.  That case also related to the conditions of Plaintiff's confinement (the complaint alleged that the medical and correctional staff at two jail facilities in Tampa, Florida deprived him of necessary psychotropic medication in violation of the Eighth Amendment) and was dismissed prior to service because it was duplicative of Plaintiff's claims in Case No. 8:03cv115-JDW.  <u>Moore v. Hillsborough County Board of County Commissioners, et al.</u>, Case No. 8:03cv116-EAK, Docs. 1, 3.  Although the court deems Plaintiff to have disclosed <u>Moore v. Robbins, et al.</u>, Case No. 8:03cv110-RAL in his answer to Question D of Section IV the complaint form, Plaintiff did not list any of the other three cases in Section IV of his complaint (*see* Doc. 1 at 5–6), even though they qualified as federal court actions that were responsive to Questions C and D and should have been included in Plaintiff's answers to those questions.[2]

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of

---

[2] According to the docket, the inmate number of the plaintiffs in Case No. 6:03cv39-JA, Case No. 8:03cv110-RAL, Case No. 8:03cv115-JDW, and Case No. 8:03cv116-EAK, that is, Inmate #252244, is the same as Plaintiff's (*see* Doc. 1 at 1).

Case No.:  5:10cv3/RS/EMT

justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[3]  If Plaintiff suffered no penalty for his incomplete and thus untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[4]  *See*, *e.g.*, Hanson v. McCaul, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); Thomas v. Ammons, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . .").  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

1.	That this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

---

[3] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* Doc. 1 at 5) (emphasis and capitalization in original).

[4] Dismissal without prejudice is not too severe a sanction under these circumstances.  Plaintiff is free to re-file if he so chooses.  *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No.:  5:10cv3/RS/EMT

2.      That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 3rd day of March 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**